1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11   RAYLENE DUKE,                                     )   Case No.: 1:16-cv-0852-JLT
                                                       )
12              Plaintiff,                             )   ORDER REMANDING THE ACTION PURSUANT
                                                       )   TO SENTENCE FOUR OF 42 U.S.C. § 405(g)
13                                                     )
                                                       )   ORDER DIRECTING ENTRY OF JUDGMENT IN
14   NANCY A. BERRYHILL[1],                            )   FAVOR OF PLAINTIFF RAYLENE DUKE AND
     Acting Commissioner of Social Security,           )   AGAINST DEFENDANT NANCY A. BERRYHILL
15                                                     )   ACTING COMMISSIONER OF SOCIAL
                Defendant.                             )   SECURITY
16  _____       )

17          Raylene Duke asserts she is entitled to a period of disability and disability insurance benefits

18   under Title II of the Social Security Act.  Plaintiff argues the administrative law judge erred in relying

19   upon the testimony of a vocational expert, and seeks judicial review of the denial of her application for

20   benefits.  Because the ALJ failed to resolve a conflict between the vocational expert's testimony and

21   the *Dictionary of Occupational Titles*, the matter is **REMANDED** pursuant to sentence four of 42

22   U.S.C. § 405(g) for further proceedings.

23                                    **PROCEDURAL HISTORY**

24          Plaintiff filed an application for benefits on December 27, 2012, alleging disability beginning

25   December 21, 2012.  (Doc. 7-3 at 12) Her application was denied initially and upon reconsideration.

26   (*Id.*) Plaintiff requested a hearing, and she testified before an ALJ on December 15, 2014.  (*Id.* at 12,

27

28          [1]Nancy A. Berryhill is now the Acting Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal
     Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill for her predecessor, Carolyn W. Colvin, as the defendant.

1  32)  The ALJ determined Plaintiff was not disabled and issued an order denying benefits on December

2  31, 2014.  (*Id.* at 12-24)  When the Appeals Council denied Plaintiff's request for review of the decision

3  on April 20, 2016 (*id.* at 2-4), the ALJ's findings became the final decision of the Commissioner of

4  Social Security ("Commissioner").

5  ## STANDARD OF REVIEW

6          District courts have a limited scope of judicial review for disability claims after a decision by

7  the Commissioner to deny benefits under the Social Security Act.  When reviewing findings of fact,

8  such as whether a claimant was disabled, the Court must determine whether the Commissioner's

9  decision is supported by substantial evidence or is based on legal error.  42 U.S.C. § 405(g).  The

10  ALJ's determination that the claimant is not disabled must be upheld by the Court if the proper legal

11  standards were applied and the findings are supported by substantial evidence.  *See Sanchez v. Sec'y of*

12  *Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

13          Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a

14  reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S.

15  389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)).  The record as a whole

16  must be considered, because "[t]he court must consider both evidence that supports and evidence that

17  detracts from the ALJ's conclusion."  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

18  ## DISABILITY BENEFITS

19          To qualify for benefits under the Social Security Act, Plaintiff must establish he is unable to

20  engage in substantial gainful activity due to a medically determinable physical or mental impairment

21  that has lasted or can be expected to last for a continuous period of not less than 12 months.  42 U.S.C.

22  § 1382c(a)(3)(A).  An individual shall be considered to have a disability only if:

23
24
25
> his physical or mental impairment or impairments are of such severity that he is not only
> unable to do his previous work, but cannot, considering his age, education, and work
> experience, engage in any other kind of substantial gainful work which exists in the
> national economy, regardless of whether such work exists in the immediate area in which
> he lives, or whether a specific job vacancy exists for him, or whether he would be hired if
> he applied for work.

26

27  42 U.S.C. § 1382c(a)(3)(B).  The burden of proof is on a claimant to establish disability.  *Terry v.*

28  *Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).  If a claimant establishes a prima facie case of disability,

2

1   the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial

2   gainful employment.  *Maounois v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

3                                    **ADMINISTRATIVE DETERMINATION**

4            To achieve uniform decisions, the Commissioner established a sequential five-step process for

5   evaluating a claimant's alleged disability.  20 C.F.R. §§ 404.1520, 416.920(a)-(f).  The process

6   requires the ALJ to determine whether Plaintiff (1) engaged in substantial gainful activity during the

7   period of alleged disability, (2) had medically determinable severe impairments (3) that met or equaled

8   one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; and whether

9   Plaintiff (4) had the residual functional capacity to perform to past relevant work or (5) the ability to

10  perform other work existing in significant numbers at the state and national level.  *Id.*  The ALJ must

11  consider testimonial and objective medical evidence.  20 C.F.R. §§ 404.1527, 416.927.

12           Pursuant to this five-step process, the ALJ determined Plaintiff did not engage in substantial

13  gainful activity after the alleged onset date of December 21, 2012.  (Doc. 7-3 at 14)  At step two, the

14  ALJ found Plaintiff's severe impairments included: "degenerative disc disease of the cervical and

15  lumbar spine as well as obesity."  (*Id.*)  At step three, the ALJ determined Plaintiff did not have an

16  impairment, or combination of impairments, that met or medically equaled a Listing.  (*Id.* at 17)  Next,

17  the ALJ determined:

18           [T]he claimant has the residual functional capacity to perform light work as defined in
             20 CFR 404.1567(b) with the following modifications: She has the ability to stand and
19           walk a maximum of four hours out of an eight hour day with the use of a walker.  She
             has the ability to sit up to six hours out of an eight hour day; occasionally balance,
20           stoops, kneel, crouch, crawl and climb stairs; but never climb ladders.  She requires
             work that involves no exposure to vibrations such as hand tools or hazards such as
21           unprotected heights, open or moving machinery parts and moving motor vehicles.

22  (*Id.* at 18-19)  Based upon the vocational expert's testimony, the ALJ determined "there are jobs that

23  exist in significant numbers in the national economy that the claimant can perform," such as office

24  helper, order caller, and small parts assembler.  (*Id.* at 22-23)  Consequently, the ALJ concluded

25  Plaintiff was not disabled as defined by the Social Security Act.  (*Id.* at 23-24)

26                                    **DISCUSSION AND ANALYSIS**

27           Plaintiff's sole argument on appeal is that the ALJ erred in relying upon the testimony of the

28  vocational expert at step-five of the sequential evaluation in finding that she is able to perform work as

                                                      3

1    an office helper, order caller, or small parts assembler. (Doc. 13 at 4-11) According to Plaintiff, the

2    ALJ failed to address conflicts between the testimony of the vocational expert—who opined Plaintiff

3    could work with the residual functional capacity identified by the ALJ— and the physical requirements

4    of these jobs as defined by the *Dictionary of Occupational Titles*. (*See id.*)

5    **A.      Step Five and the VE's Testimony**

6            At step five, the burden shifts to the Commissioner to show that Plaintiff can perform other

7    substantial gainful activity and a "significant number of jobs exist in the national economy" which

8    Plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *see also Osenbrock v.

9    Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001) (discussing the burden shift at step five).  To make this

10   determination, the ALJ may rely upon job descriptions in the *Dictionary of Occupational Titles*

11   ("*DOT*"), which classifies jobs by their exertional and skill requirements, and is published by the

12   United States Department of Labor, Employment & Training Administration.  *Terry v. Sullivan*, 903

13   F.2d 1273, 1276 (9th Cir. 1990); 20 C.F.R. § 404.1566(d)(1).  In the alternative, the ALJ may call a

14   vocational expert "to testify as to (1) what jobs the claimant, given his or her functional capacity, would

15   be able to do; and (2) the availability of such jobs in the national economy."  *Tackett v. Apfel*, 180 F.3d

16   1094, 1101 (9th Cir. 1999); *see also* Social Security Ruling ("SSR") 00-4p[2], 2000 WL 1898704 at *2

17   ("In making disability determinations, we rely primarily on the DOT . . . for information about the

18   requirements of work in the national economy.")

19          The ALJ called upon vocational expert Nancy Rimm ("the VE") "[t]o determine the extent to

20   which [Plaintiff's] limitations erode the unskilled light occupational base."  (Doc. 7-3 at 23) The ALJ

21   asked the VE whether a hypothetical individual— with the same physical limitations identified in the

22   residual functional capacity for Plaintiff—was able to do "work available in the general economy." (*Id.*

23   at 83-84) The VE responded the hypothetical person could work as an office helper, DOT 239.657-010;

24   order caller, DOT 209-667-014; and small parts assembler, DOT 739.687-030. (*Id.* at 84-86) The ALJ

25

26          [2] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" issued by the
     Commissioner. 20 C.F.R. § 402.35(b)(1). While SSRs do not have the force of law, the Ninth Circuit gives the rulings

27   deference "unless they are plainly erroneous or inconsistent with the Act or regulations."  *Han v. Bowen*, 882 F.2d 1453,
     1457 (9th Cir. 1989); *see also Avenetti v. Barnhart*, 456 F.3d 1122, 1124 (9th Cir. 2006) ("SSRs reflect the official

28   interpretation of the [SSA] and are entitled to 'some deference' as long as they are consistent with the Social Security Act
     and regulations").

then asked the VE to "assume that she would require the use of a walker when standing and walking." (*Id.* at 86)  The VE responded that "none of those positions require very much walking or standing," and opined these jobs would not be eliminated.  (*Id.*)

The ALJ did not inquire whether the VE's testimony conflicted with the *Dictionary of Occupational Titles*, and the VE did not identify any conflict.  (*See* Doc. 7-3 at 82-89)  Plaintiff's counsel did not have any questions for the VE, and did not identify any conflicts between her testimony and the *Dictionary of Occupational Titles* at the hearing. (*See id.* at 90)

**B.     Conflicts with the *Dictionary of Occupational Titles***

Pursuant to SSR 00-4p, occupational evidence provided by a vocational expert "generally should be consistent with the occupational information supplied by the DOT."  *Id.*, 2000 WL 1898704 at *2.  When there is a conflict between the testimony of the vocational expert and the *Dictionary of Occupational Titles*, "the adjudicator must elicit a reasonable explanation for the conflict before relying on the [vocational expert testimony] to support a determination or decision about whether the claimant is disabled."  *Id.* Further, SSR 00-4p provides:

> At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.
>
> Neither the DOT nor the [vocational expert] evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the [vocational expert] is reasonable and provides a basis for relying on the [vocational expert] testimony rather than on the DOT information.

*Id.*  Accordingly, the Ninth Circuit has determined an ALJ must inquire "whether the testimony conflicts with the *Dictionary of Occupational Titles*," and may only rely upon conflicting expert testimony when "the record contains persuasive evidence to support the deviation."  *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007); *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

1.     Waiver

As an initial matter, Defendant argues Plaintiff has waived the right to appeal the step-five conclusion because "Plaintiff's counsel at the hearing did not object to the VE's testimony about Plaintiff's capacity to perform the jobs the ALJ identified at step five." (Doc. 14 at 6) Defendant argues, "by failing to raise the alleged conflict between the VE's testimony and the job descriptions of office helper, order caller, and small parts assembler in the DOT, Plaintiff has waived her argument;

and the Court should affirm the ALJ's decision." (*Id.* at 7, citing, *e.g., Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) ["We now hold that, at least when Plaintiffs are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal"; "appellants must raise issues at their administrative hearings in order to preserve them on appeal before this Court"]).

Significantly, after *Meanel*, the Supreme Court determined that "a judicially created issue exhaustion requirement is inappropriate." *Sims v. Apfel*, 530 U.S. 103, 112 (2000).  Accordingly, this Court determined that "counsel's failure to question the VE about a potential conflict does not preclude plaintiff from raising it" before the District Court.  *Moreno v. Berryhill*, 2017 U.S. Dist. LEXIS 70806 at  *9 (E.D. Cal. May 9, 2017); *see also Gonzales v. Astrue*, 2012 WL 2064947 at *4 (E.D. Cal. June 7, 2012) ("the fact that Plaintiff's representative did not challenge the VE's testimony as inconsistent with the DOT at the time of the hearing is not conclusive as to whether an apparent conflict exists, nor does it constitute a waiver of the argument").  *Gonzales v. Astrue*, 2012 WL 2064947 at *4 (E.D. Cal. June 7, 2012). The Court explained that "while it was unfortunate that the claimant's representative did not challenge [an] apparent conflict between the VE's testimony and the DOT at the hearing so that it could have been addressed by the ALJ, the Supreme Court has nonetheless held 'that a plaintiff challenging a denial of benefits under 42 U.S.C. § 405(g) need not preserve issues in the proceedings before the Commissioner or her delegates.'" *Gonzalez*, 2012 WL 2064947 at *4 (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005)).

Likewise, other courts in the Ninth Circuit have concluded that the failure to question a vocational expert about a potential conflict between his or her testimony and the DOT does not constitute a waiver of the issue.  *See, e.g., Alba v. Berryhill*, 2017 U.S. Dist. LEXIS 51545, 2017 WL 1290404 at *3 (C.D. Cal., April 3, 2017) (finding "no statutorily, regulatory, or judicially created issue exhaustion requirement in social security proceedings, and rejecting the Commissioner's argument that the plaintiff waived the issue where "counsel failed to question the VE about the potential conflict with the DOT at the hearing"); *Hernandez v. Colvin*, 2016 WL 1071565, at *5 (C.D. Cal. Mar. 14, 2016) (despite declining to question the VE at the hearing, the plaintiff did not waive the issue of a conflict between the VE's testimony and the DOT); *Carter v. Colvin*, 2016 WL 1213918 at *6 (N.D.

1   Cal. Mar. 29, 2016) (rejecting the argument that the plaintiff waived the issue of conflict between the

2   VE's testimony and the DOT by not raising the issue at the hearing).

3          Furthermore, it is the ALJ who bears a burden to inquire whether the vocational expert's

4   testimony conflicts with the *Dictionary of Occupational Titles*. *See* SSR 00-4p, 2000 SSR LEXIS 8 ;

5   *see also Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (an ALJ has the duty to fully and fairly

6   develop the record and to assure that the claimant's interests are considered, even when the claimant is

7   represented by counsel). Thus, the Court concludes the failure of Plaintiff's counsel to question the VE

8   regarding conflicts between her testimony and the physical requirements of the jobs under the

9   *Dictionary of Occupational Titles* does not result in a waiver of the issue.

10         2.      Whether there is a conflict

11         The ALJ determined Plaintiff was able "to stand and walk a maximum of four hours out of an

12  eight hour day with the use of a walker." (Doc. 7-3 at 18)  Based upon the vocational expert's

13  testimony, the ALJ concluded Plaintiff was able to perform the requirements of unskilled light work

14  including the following representative occupations: office helper, DOT 239.567-010; order caller, DOT

15  209.667-014; and small parts assembler, DOT 739.687-030.  (*Id.* at 23)  The ALJ asserted, "Pursuant to

16  SSR 00-4p, I have determined that the vocational expert's testimony is consistent with the information

17  contained in the Dictionary of Occupational Titles." (*Id.*)  However, as Plaintiff observes, "light work

18  requires standing/walking six out of eight hours of a workday." (Doc. 13 at 7)

19         Under the *Dictionary of Occupational Titles*, each of the representative positions identified

20  above indicate are identified as "light work," and explain a job is classified as light work when: "(1)

21  when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the

22  time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working

23  at a production rate pace entailing the constant pushing and/or pulling of materials even though the

24  weight of those materials is negligible."  *See* DOT 239.367-010, 1991 WL 6722332 (office helper);

25  DOT 209.667-014, 1991 WL 671807 (order caller); DOT 739.687-030, 1991 WL 680180 (small parts

26  assembler).  The positions further specify the "[p]hysical demand requirements are in excess of those

27  for Sedentary Work." (*Id.*)  As explained in the *Dictionary of Occupational Titles*, sedentary jobs

28  include those in which "walking and standing are required only occasionally."  *See* DOT 379.367-010,

1  1991 WL 673244 (surveillance system monitor).  Accordingly, jobs identified as sedentary require

2  walking and standing on an *occasional* basis, while jobs identified as light require the ability to walk

3  and stand on a *frequent* basis.  *See id.; see also* SSR 83-10 (explaining "frequent" involves activities

4  "from one-third to two-thirds of the time" and "the full range of light work requires standing or

5  walking, off and on, for a total of approximately 6 hours of an 8-hour workday").  Plaintiff concludes

6  that given her limitation to only four hours of standing and walking with a walker, she is unable to

7  satisfy the standing and walking requirements of the jobs.  (Doc. 13 at 5-7)

8       On the other hand, the Commissioner argues there is no conflict because "light work" requires

9  only a "maximum… [of] standing or walking, off and on, for a total of six hours in an eight- hour

10  workday."  (Doc. 14 at 9)  In addition, the Commissioner asserts that to the extent there is a conflict

11  with the light work requirements, the vocational expert also identified sedentary work that could be

12  performed by an individual with greater limitations than Plaintiff, including surveillance system

13  monitor, DOT 379.367-010; call-out operator, DOT 237.367-014; and document preparer, DOT

14  249.587-018.  (*Id.* at 9-10)  Consequently, the Commissioner asserts that "even if this Court finds that

15  there is a conflict with the DOT with respect to the light work positions, any error in this regard would

16  be harmless."  (*Id.* at 10)

17       Importantly, though the vocational expert testified the jobs she identified did not  "require very

18  much walking or standing," this is contrary to the physical requirements under the *Dictionary of*

19  *Occupational Titles,* which indicates the jobs may require "walking or standing to a significant

20  degree." *See, e.g.*, DOT 239.367-010, 1991 WL 6722332.  Moreover, each of light jobs may require a

21  worker to exert "up to 10 pounds of force frequently… to move objects," while the sedentary jobs

22  require the ability to exert such force "occasionally… to lift, carry, push, pull, or otherwise move

23  objects."  *See id;* 1991 WL 673244.  Plaintiff's restriction to four hours of standing and walking—with

24  the use of a walker—conflicts with the requirements that she be able to stand and walk for a

25  significant amount of time for light work.  Likewise, the use of a walker appears to prohibit her ability

26  to move objects, for both light and sedentary work.  *See Arredondo v. Colvin,* 2016 WL 3902307 at *4

27  (C.D. Cal. July 18, 2016) ("the VE testified that a person with a five pound lifting restriction could

28  perform the job, but he did not explain apparent conflicts with the DOT, such as how a job would

8

1   allow for the use of a walker to ambulate while carrying items, or whether the use of a walker would

2   impede Plaintiff's ability to perform at a normal pace").  Accordingly, the Court finds the VE's

3   testimony conflicted with the job descriptions provided in the DOT, for both the light and sedentary

4   work positions.

5          3.     Whether the record supports the deviation

6         When there is a conflict between the testimony of a vocational expert and the *Dictionary of*

7   *Occupational Titles*, the Court may rely upon the testimony only when "the record contains persuasive

8   evidence to support the deviation."  *Massachi*, 486 F.3d at 1153.  Importantly, there is no indication in

9   the record that the ALJ was aware of the conflict between Plaintiff's limitations with standing and

10  walking— as well as her use of a walker— and the requirements of the jobs as defined by the

11  *Dictionary of Occupational Titles*.  Indeed, the ALJ failed to carry his burden to inquire of the

12  vocational expert whether her testimony was consistent with the *Dictionary of Occupational Titles. See*

13  *Massachi*, 486 F.3d at 1153.

14        Further, the vocational expert did not testify as to the basis of her belief that Plaintiff could

15  perform the jobs identified with her standing and walking limitations, including the need of a walker.

16  *See, e.g., Ruiz v. Colvin*, 638 Fed App'x 604, 607 (9th Cir. 2016) (finding the ALJ did not err in

17  relying upon the vocational expert's testimony where the expert testified "his opinion relating to [the

18  claimant's] use of the walker at the proposed jobs was based on his experience placing people in those

19  jobs as a vocational rehabilitation counselor").  As a result, the ALJ was unable to resolve the conflict

20  between the two vocational resources, as is required by the Ninth Circuit.  *See Johnson*, 60 F.3d at

21  1435; *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) ("in order for the ALJ to rely on a job

22  description in the *Dictionary of Occupational Titles* that fails to comport with a claimant's noted

23  limitations, the ALJ must definitively explain this deviation"). Because the ALJ did not address the

24  apparent conflict, and the vocational expert did not explain her reasoning, the record cannot support

25  the deviation.

26  **C.    Remand is Appropriate**

27        The decision whether to remand a matter pursuant to sentence four of 42 U.S.C. § 405(g) or to

28  order immediate payment of benefits is within the discretion of the District Court.  *Harman v. Apfel*,

211 F.3d 1172, 1178 (9th Cir. 2000).  Except in rare instances, when a court reverses an administrative

agency determination, the proper course is to remand to the agency for additional investigation or

explanation.  *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S.

12, 16 (2002)).  Generally, an award of benefits is directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence,
> (2) there are no outstanding issues that must be resolved before a determination of
> disability can be made, and (3) it is clear from the record that the ALJ would be
> required to find the claimant disabled were such evidence credited.

*Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).  In addition, an award of benefits is directed

when no useful purpose would be served by further administrative proceedings, or where the record

was fully developed.  *Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1988).

The ALJ failed to address the apparent conflicts between the vocational expert's testimony and

the *Dictionary of Occupational Titles*.  Based upon the record, the Court is unable to determine whether

Plaintiff is able to perform work existing in significant numbers in the national economy. Accordingly,

a remand for further proceedings is appropriate in this matter.  *See Zavalin v. Colvin,* 778 F.3d 842, 848

(9th Cir. 2015) (an ALJ's failure to reconcile apparent conflict was not harmless where the Court

"cannot determine [from the record] whether substantial evidence supports the ALJ's step-five

finding"); *see also Dieugenio v. Astrue*, 2010 WL 317269 at *3 (C.D. Cal. Jan. 19, 2010) (holding that

where the expert claimed that his testimony was consistent with information in the *Dictionary of

Occupational Titles* but a review of the descriptions "reveal[ed] a conflict with respect to the jobs

identified," failure to address the conflict warranted a remand for further proceedings).

## CONCLUSION AND ORDER

For the foregoing reasons, the Court concludes the ALJ erred by failing to address the apparent

conflict between the testimony of the vocational expert and the *Dictionary of Occupational Titles*.

Because the ALJ failed to apply the correct legal standards, the testimony of the vocational expert

cannot be substantial evidence to support the conclusion that Plaintiff is able to perform work in the

national economy.  *See Zavalin*, 778. F.3d at 846; *Rawlings v. Astrue*, 318 Fed. Appx. 593, 595 (2009)

("Only after determining whether the vocational expert has deviated from the *Dictionary of

Occupational Titles* and whether any deviation is reasonable can an ALJ properly rely on the vocational

expert's testimony as substantial evidence to support a disability determination.")  Consequently, the ALJ's decision cannot be upheld by the Court.  *See Sanchez*, 812 F.2d at 510.

Based upon the foregoing, the Court **ORDERS**:

1. The matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision; and

2. The Clerk of Court **IS DIRECTED** to enter judgment in favor of Plaintiff Raylene Duke, and against Defendant, Nancy A. Berryhill, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   **July 24, 2017**                             _____ **/s/ Jennifer L. Thurston**
                                                           UNITED STATES MAGISTRATE JUDGE