# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYLENE DUKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL[1],<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 1:16-cv-00852- JLT<br><br>ORDER GRANTING COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(Doc. 22) |

Steven Rosales, counsel for Plaintiff Raylene Duke, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 22) Neither Plaintiff nor the Commissioner of Social Security oppose the motion.[2] For the following reasons, the motion for attorney fees is **GRANTED**.

## I.　　**Relevant Background**

Plaintiff entered into a contingent fee agreement with the Law Offices of Lawrence D. Rohlfing on June 7, 2016, which provided that counsel was entitled to an award of "25% of the past due benefits awarded" in the event that judicial review of an administrative decision was required, and the adverse decision of an ALJ was reversed. (Doc. 22-1 at 1) In addition, the agreement indicated counsel would "seek compensation under the Equal Access to Justice Act." (*Id.*)

---

[1] Nancy A. Berryhill is now Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill for her predecessor, Carolyn W. Colvin, as the defendant.

[2] The Commissioner filed a response to the motion, indicating she was "not in a position to either assent or object to the § 406(b) fees that Counsel seeks from Plaintiff," though the Commissioner offered an "analysis of the requested fees to assist this Court." (Doc. 23 at 2)

1

On June 18, 2016, Plaintiff filed a complaint for review of the administrative decision denying her application for Social Security benefits. (Doc. 1) The Court determined the administrative law judge erred in the evaluation of the vocational evidence, because the ALJ failed to resolve a conflict between the vocational expert's testimony and the *Dictionary of Occupational Titles*. (Doc. 15 at 5-9) Therefore, the Court remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (*Id.* at 10-11) Following the entry of judgment in favor of Plaintiff on July 24, 2017 (Doc. 16), the Court awarded $4,000 in attorney fees pursuant to the Equal Access to Justice Act. (Doc. 21 at 1)

Following the remand, an ALJ issued a "fully favorable decision" awarding Plaintiff benefits, finding she was disabled as of September 17, 2013. (Doc. 22-2 at 1, 13) On August 6, 2018, the Commissioner concluded Plaintiff was entitled to monthly disability benefits from Social Security beginning in March 2014. (Doc. 22-3 at 1) Accordingly, Plaintiff was entitled to past due benefits totaling $51,5310.00 in past-due disability benefits, out of which the Commissioner withheld $6,000.00 for payment of attorney's fees. (*Id.* at 4)

Mr. Rosales filed the motion now before the Court on February 21, 2019. (Doc. 22) Plaintiff was served with the motion and informed of her right to file a response, indicating whether she agreed to disagreed with the requested fees. (*Id*. at 2, 11) To date, no opposition has been filed.

**II.     Attorney Fees under § 406(b)**

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants).

A contingency fee agreement is unenforceable if it provides for fees exceeding the statutory amount. *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

2

### III. Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

Plaintiff entered into the contingent fee agreement in which she agreed to pay twenty-five percent of any awarded past-due benefits. The Law Offices of Lawrence D. Rohlfing accepted the risk of loss in the representation and expended a total of 22.1 hours while representing Plaintiff before the District Court. (Doc. 22 at 3; Doc. 22-4 at 1) Due to counsel's work to remand the action to an administrative law judge, Plaintiff ultimately received an award of benefits for disability. For this, Mr. Rosales requests a fee of $12,882.00. (Doc. 22 at 1) Because $4,000 was paid under the EAJA, the net cost to Plaintiff is $8,882.00. (*Id.* at 7) Finally, though served with the motion and informed of the right to oppose the fee request (Doc. 22 at 2, 11), Plaintiff did not and thereby indicates her belief that the fee request is reasonable.

Significantly, there is no indication Mr. Rosales performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. To the contrary, Plaintiff was able to secure a fully favorable decision following the second remand for further proceedings, including an award of past-due benefits. Accordingly, the Court finds the fees sought by Ms. Rohlfing are reasonable in light the results achieved in this action, and the amount does not exceed twenty-five percent maximum permitted under 42 U.S.C. §406(b).

### IV. Conclusion and Order

Based upon the foregoing, the Court **ORDERS**:

1. Counsel's motion for attorney fees pursuant to 24 U.S.C. §406(b) in the amount of $12,882.00 is **GRANTED**;

2. The Commissioner shall pay the amount directly to Counsel, Steven Rosales; and

3. Counsel **SHALL** refund $4,000 to Plaintiff Raylene Duke.

IT IS SO ORDERED.

Dated: **March 22, 2019**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE